1

2               **FILED**

3

4               JAN 23 2002

5               CLERK, U.S. DISTRICT COURT
                EASTERN DISTRICT OF CALIFORNIA
6               Y
                          DEPUTY CLERK
7

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10              ----oo0oo----

11   DAVID PEACOCK,
                                    NO. CIV. S-01-1589 WBS/DAD
12          Plaintiff,

13     v.                           MEMORANDUM AND ORDER
                                    RE: MERCY'S MOTION TO
14                                  DISMISS AND STRIKE
     CALVIN TERHUNE, et al.,
15
            Defendants.
16                                  ----oo0oo----

17          Plaintiff brings this action as the personal

18   representative of the estate of Walter Fratus ("Fratus"), an

19   inmate who died from infections in his leg and urinary tract

20   while incarcerated in the California Department of Corrections.

21   Defendant Mercy Medical Center ("Mercy") moves to dismiss

22   plaintiff's First Cause of Action pursuant to Rule 12(b)(6) for

23   failure to state a claim upon which relief can be granted.[1]

24   I.   Background

25          Walter Fratus was a paraplegic serving a prison

26   sentence in the California Department of Corrections.  (First Am.

27   ────────────────

28        [1]   Plaintiff brings three causes of action.  Mercy is
     named as a defendant in only the first cause of action.

1

39

1  Compl. ¶ 14.)   In 1993, Fratus was diagnosed with a cyst on his
2  kidney, and later developed an infection in his urinary tract and
3  open wounds on his leg.  (Id. ¶¶ 17, 28.)  On a few occassions,
4  Fratus was transferred to Mercy, which had contracted with
5  defendant State of California to provide medical care to inmates.
6  (Id. ¶ 10.)  According to the First Amended Complaint, Mercy
7  provided inadequate care to Fratus at the direction of various
8  state officials, despite knowing that Fratus "risked imminent
9  death" if not adequately treated for his infections.  (Id. ¶ 29.)
10 In August of 2000, Fratus died because of the infections in his
11 leg and urinary tract.  (Id. ¶ 31.)  Plaintiff, who is Fratus's
12 step-brother and the executor of Fratus's estate, brings this
13 action against Mercy under 42 U.S.C. § 1983. (Id. ¶ 3.)

14       Mercy argues that plaintiff's action should be
15 dismissed because (1) plaintiff lacks standing, (2) plaintiff has
16 not pled facts sufficient to allege that Mercy acted under color
17 of law as required by section 1983, and (3) plaintiff has not
18 pled facts sufficient to allege a substantive violation of
19 section 1983.

20 II.  Discussion

21       On a motion to dismiss, the allegations of the
22 complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319,
23 322 (1972).  In general, the complaint is construed favorably to
24 the pleader.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Thus,
25 the court is bound to give the plaintiff the benefit of every
26 reasonable inference to be drawn from the "well-pleaded"
27 allegations of the complaint.  Retail Clerks International Ass'n
28 v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  The court may not

1   dismiss for failure to state a claim unless it appears beyond
2   doubt that the plaintiff can prove no set of facts in support of
3   the claim which would entitle him or her to relief.   <u>Hishon v.</u>
4   <u>King & Spalding</u>, 467 U.S. 69, 73 (1984).   Dismissal is
5   appropriate if plaintiff fails to put forth either (1) a
6   cognizable legal theory, or (2) sufficient allegations of fact
7   under a cognizable theory.   <u>Robertson v. Dean Witter Reynolds,</u>
8   <u>Inc</u>, 749 F.2d 530, 533-34 (9th Cir. 1984).

9       A.   <u>Standing</u>

10      Mercy correctly points out that plaintiff fails to
11  allege violations of his own civil rights.[2]   Nevertheless, as the
12  personal representative of Fratus's estate, plaintiff has
13  standing to bring a section 1983 claim for the alleged violations
14  of Fratus's rights.   "[A] section 1983 claim that accrued before
15  death survives the decedent when state law authorizes a survival
16  action as a 'suitable remed[y] . . . not inconsistent with the
17  Constitution and laws of the United States . . . .'"   <u>Smith v.</u>
18  <u>City of Fontana</u>, 818 F.2d 1411, 1416 (9th Cir. 1987)(citations
19  omitted).   According to state law, the only persons with standing
20  to sue for wrongful death are the decedent's successors in
21  interest, or "the decedent's personal representative on their
22  behalf."   Cal. Code Civ. Proc. § 377.60.[3]

23

24      [2]   As the sibling of the decedent, plaintiff does not have
    a cognizable liberty interest in Fratus's companionship.   <u>See</u>
25  <u>Ward v. City of San Jose</u>, 967 F.2d 280, 283 (9th Cir. 1991);
    <u>Palacios v. City of Oakland</u>, 970 F. Supp. 732, 745 (N.D. Cal.
26  1997).

27      [3]   Cal. Code Civ. Proc. § 337.60 provides: "A cause of
    action for the death of a person caused by the wrongful act or
28  neglect of the another may be asserted by any of the following

                    3

1         The third paragraph of the First Amended Complaint
2   makes clear that "[p]laintiff is the executor of the estate of
3   WALTER FRATUS, and in that capacity brings this action as the
4   personal representative of the estate . . . ." (First Am. Compl.
5   ¶3.)  Therefore, plaintiff has standing as the personal
6   representative of the estate.

7       B.  <u>Action Under Color of State Law</u>

8         Mercy next argues that plaintiff has not adequately
9   alleged state action.  "To state a section 1983 claim, a
10  plaintiff must allege facts which show a deprivation of a right,
11  privilege, or immunity secured by the Constitution or federal law
12  by a person acting under the color of state law."  <u>Lopez v. Dept.</u>
13  <u>of Health Services</u>, 939 F.2d 881, 883 (9th Cir. 1991).  In <u>Lopez</u>,
14  the Ninth Circuit found that state action was sufficiently
15  alleged by a complaint stating that the defendant hospital was
16  under contract with the State of Arizona to provide medical
17  services to indigents.  <u>Id.</u>  Similarly, in <u>West v. Atkins</u>, 487
18  U.S. 42, 54 (1988), the Supreme Court held that "a private
19  physician under contract with a state to provide medical services
20  to inmates [is] a state actor for purposes of section 1983."  <u>Id.</u>
21  Here, plaintiff alleges that Mercy contracted with the State of
22  California which "by its provisions [] resulted in substandard
23  care to prison inmates." (First Am. Compl. ¶ 10.)  This is

24

25  persons or by the decedent's personal representative on their
    behalf: 9a) The decedent's surviving spouse, children, and issue
26  of deceased children, or, if there is no surviving issue of the
    decedent, the persons, including the surviving spouse, who would
27  be entitled to the property of the decedent by intestate
    succession. (B) Whether or not qualified under subdivision (a),
28  if they were dependent on the decent, the putative spouse,
    children of the putative spouse, stepchildren, or parents."

1  sufficient to allege that Mercy acted under color of state law.

2  Defendants rely on the Supreme Court's decision in <u>Blum</u>
3  <u>v. Yaretsky</u>, 457 U.S. 991, 1008 (1982), which held that there is
4  no state action where the alleged constitutional violations
5  "ultimately turn on medical judgments made by private parties
6  according to professional standards that are not established by
7  the State." <u>Blum</u> does not apply to this case. Plaintiff has
8  alleged that Mercy was influenced in its actions by directives
9  from state officials, not that Mercy violated Fratus's rights as
10  a consequence of its own, independent medical judgment. (First
11  Am. Compl. ¶ 29.) Plaintiff's allegations are therefore
12  sufficient to withstand the motion to dismiss.

13  C.  Sufficiency of Factual Allegations

14  Finally, Mercy argues that plaintiff has failed to
15  allege facts sufficient to support a section 1983 claim. In
16  <u>Branch v. Tunnel</u>, 937 F.2d 1382 (9th. Cir., 1991)(hereinafter
17  "<u>Branch I</u>") and <u>Branch v. Tunnel</u>, 14 F.3d 449, 456 (9th Cir.
18  1994)(hereinafter <u>Branch II</u>"), the Ninth Circuit adopted a
19  heightened pleading standard in cases in which subjective intent
20  is an element of a constitutional tort action. <u>Branch I</u>, at
21  1386. The Ninth Circuit held that "in order to survive a motion
22  to dismiss, plaintiffs must state in their complaint
23  nonconclusory allegations setting forth evidence of unlawful
24  intent." <u>Id.</u> A complaint "must be specific and concrete enough
25  to enable the defendants to prepare a response, and where
26  appropriate, a motion for summary judgment based on qualified
27  immunity." <u>Id.</u> (citing <u>Whitacre v. Davey</u>, 890 F.2d 1168, 1171
28  (D.C. Cir., 1989)).

1           Since the decisions in <u>Branch I</u> and <u>Branch II</u>, the
2  United States Supreme Court has looked with disfavor upon
3  judicially heightened pleading standards.  In <u>Leatherman v.</u>
4  <u>Terrant County Narcotics Intelligence and Coordination Unit</u>, 507
5  U.S. 163, 164-69,(1993), the Court held that in civil rights
6  cases alleging municipal liability under section 1983 a federal
7  court may not apply a heightened pleading standard more stringent
8  than the usual pleading requirements.  Then, in <u>Crawford-El v.</u>
9  <u>Britton</u>, 523 U.S. 574 (1998), the Court found that the District
10 of Columbia Court of Appeals erred in fashioning a heightened
11 burden of proof for unconstitutional-motive cases against public
12 officials.  <u>Id.</u> at 595.

13          The Ninth Circuit has yet to address the impact of
14 <u>Crawford-El</u> on its decisions in <u>Branch I</u> and <u>Branch II.</u>
15 <u>Crawford-El</u>, however, does address, and reject, judicially-
16 imposed heightened proof standards in individual capacity suits.
17 Given the Supreme Court's disapproval of heightened standards not
18 derived from federal statutory authority or the federal rules,
19 this court does not believe that the Ninth Circuit would continue
20 to apply such a standard in the context of the pleadings in this
21 case.[4]   The better approach is to apply the liberal pleading
22 standards of Rule 8.  However, the court need not speculate on
23 what the Ninth Circuit is likely to do; even under the heightened
24 pleading standard adopted in <u>Branch I</u> and <u>II</u>, plaintiff has

25
26          [4]  Several other circuits have concluded that a heightened
   pleading standard no longer applies in constitutional tort cases
27 in which subjective intent is an element.  <u>See</u> <u>Currier v. Doran</u>,
   242 F.3d 905, 916 (10th Cir. 2001); <u>Nance v. Vieregge</u>, 147 F.3d
28 589, 590 (7th Cir. 1998).

1  adequately stated a claim for relief.

2      To state a claim of inadequate medical care under the
3  Eighth Amendment, plaintiff must allege deliberate indifference
4  to serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104
5  (1976); McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.
6  1992).  A defendant is deliberately indifferent if he or she
7  knows that a prisoner faces a substantial risk of serious harm
8  and disregards that risk by failing to take reasonable measures
9  to abate it.  Farmer v. Brennan, 511 U.S. 825, 847 (1984).

10      Mercy contends that the complaint is deficient because
11  "no allegation of improper treatment by Mercy is set forth."
12  (Def's Mot. Dismiss at 8.)  However, the complaint alleges that
13  "MERCY and PHYSICIANS . . . [knew] that the care they were
14  rendering was inadequate."  (First Am. Compl. ¶ 29.)  The only
15  inference to be drawn from this sentence is that Mercy was
16  treating Fratus, and that the care it rendered was improper.

17      Mercy also argues that plaintiff's allegations are
18  inconsistent, vague, and conclusory.  Mercy interprets the
19  allegations in the First Amended Complaint that Mercy was
20  "constrained by the policies and directives" of state officials
21  and "acquiesced in those directives" to imply overt interference
22  by the state.  (First Am. Compl. ¶ 29.)  Mercy argues that these
23  allegations identify the state officials as the responsible
24  actors, and are therefore inconsistent with the notion that Mercy
25  itself caused the alleged constitutional deprivation.  Construed
26  favorably to the plaintiff, however, these allegations establish
27  that Mercy knew of a risk to Fratus's health, but disregarded it
28  because it was more concerned with complying with state

7

1 directives than treating Fratus's serious health problems.   These
2 allegations are sufficiently specific to satisfy even the
3 heightened pleading standard applied to section 1983 cases, and
4 adequately allege deliberate indifference.

5      D.   <u>Damages For Pain and Suffering</u>

6        Defendants alternatively move to strike plaintiff's
7 request for damages for pain, suffering, and emotional distress
8 allegedly suffered by Fratus before he died.   Under Rule 12(f),
9 the court may strike from the pleadings any "redundant,
10 immaterial, impertinent, or scandalous matter."   Fed. R. Civ.
11 Proc. 12(f).

12        Whether a plaintiff can recover damages for pain and
13 suffering under a section 1983 claim for wrongful death is a
14 matter of some dispute.   The Ninth Circuit has expressly declined
15 to rule on the issue, and lower courts have come out on both
16 sides.   <u>See</u> <u>Smith</u>, 818 F.2d 1411, 1417 n.8 (refusing to express
17 an opinion on the issue); <u>Garcia v. Whitehead</u>, 961 F. Supp. 230
18 (C.D. Cal. 1997)(finding that pain and suffering damages are
19 recoverable in a wrongful death action under section 1983);
20 <u>Gutyon v. Phillips</u>, 532 F. Supp. 1154 (N.D. Cal. 1987)(same);
21 <u>Davis v. City of Ellensburg</u>, 651 F. Supp. 1248 (E.D. Wash.
22 1987)(same); <u>Garcia v. Superior Court</u>, 42 Cal. App. 4th 177
23 (1996)(finding that pain and suffering damages cannot be
24 recovered).   Judge Levi, in <u>Venerable v. City of Sacramento</u>, CIV-
25 S-01-0369 DFL JFM (E.D. Cal. 2001), has held that pain and
26 suffering damages are not recoverable in 1983 wrongful death
27 actions.
28 ///

8

1     Section 1983 itself does not address whether a person
2  may bring an action for wrongful death, or what the appropriate
3  remedies are for such a claim.  Pursuant to section 1988 of the
4  Civil Rights Act, however, federal courts may look to state law
5  where the federal civil rights statutes "are deficient in the
6  provisions necessary to furnish suitable remedies and punish
7  offenses against the law. . . ."  42 U.S.C. § 1988(a).  This rule
8  is "subject to the important proviso that state law may not be
9  applied when it is 'inconsistent with the Constitution and laws
10 of the United States.'"  Robertson v. Wegmann, 436 U.S. 584, 590
11 (1978)(quoting 42 U.S.C. § 1988(a)).

12    California's wrongful death statute provides for
13 compensatory and punitive damages, but does not allow recovery of
14 damages for pain and suffering of the decedent.[5]  Cal. Code Civ.
15 Proc. § 377.34.  Limiting recovery to damages recoverable under
16 §377.34 is not inconsistent with section 1983's objective to
17 deter and compensate for unconstitutional acts under color of
18 law.  Robertson, 436 U.S. at 590-91.

19    The deterrent purpose of section 1983 is adequately
20 served by the provision of compensatory and punitive damages
21 under the wrongful death statute.  To say that the unavailability
22 of pain and suffering damages diminishes the deterrent effect of
23 the statute is to assume that a state actor would rather kill a

24
25    [5]   "In an action or proceeding by a decedent's personal
   respresentative or successor in interest on the decedent's cause
26 of action, the damages recoverable are limited to the loss or
   damage that the decedent sustained or incurred before death,
27 including any penalties or punitive or exemplary damages that the
   decedent would have been entitled to recover had the decedent
28 lived, and do not include damages for pain, suffering, or
   disfigurement."  Cal. Code Civ. Proc. § 377.34

9

1  person than injure him to avoid paying damages for pain and
2  suffering.  This assumption requires a fanciful view of human
3  nature.  "A state official contemplating illegal activity must
4  always be prepared to face the prospect of a § 1983 action being
5  filed against him.  In light of this prospect, even an official
6  aware of the intricacies of [state] survivorship law would hardly
7  be influenced in his behavior by its provisions."  Robertson, 436
8  U.S. at 592.

9         Accepting, arguendo, that a state actor would undertake
10 this kind of Machiavellian calculus, "we must also attribute to
11 the actor the knowledge that under Code of Civil Procedure
12 section 377.34, a jury could punish such conduct with huge
13 exemplary damages," or that he could be prosecuted for homicide.
14 Garcia, 42 Cal. App. 4th at 186.  This prospect is sufficient to
15 deter unlawful conduct that might result in death.

16        Section 1983's goal to compensate victims of
17 constitutional violations is also served by the California
18 wrongful death statute.  The California legislature has on three
19 occasions revised the statute without changing the exclusion of
20 damages for pain and suffering.  Sullivan v. Delta Airlines,
21 Inc., 15 Cal. 4th 288, 297 (1997); Cal. Prob. Code §
22 573(c)(1961); Cal. Code Civ. Proc. §§ 377.10-34.  The statute
23 "represents the legislature's reasonable judgment that, once
24 deceased, the decedent cannot in any practical way be compensated
25 for his injuries for pain and suffering, or be made whole."
26 Garcia, 42 Cal. App. 4th 177 (1996).  Family members of the
27 decedent, who can be compensated for their own loss, can recover
28 damages for the decedent's lost income and for loss of society

1  and companionship. Krouse v. Graham, 19 Cal. 3d 59, 67-68

2  (1977); Cal. Code Civ. Proc. §§ 377.60; 377.61.

3       Because the damage provisions of the state wrongful

4  death statute are consistent with federal law, the court finds

5  that pain and suffering damages are not available for section

6  1983 wrongful death claims. Accordingly, plaintiff's prayer for

7  pain and suffering damages must be stricken.

8       IT IS THEREFORE ORDERED that:

9       (1) Defendant Mercy's motion to dismiss be, and the

10 same hereby is, DENIED;

11      (2) Defendant Mercy's motion to strike plaintiff's

12 claim for damages for pain and suffering of the decedent as

13 against defendant Mercy be, and the same hereby is, GRANTED.

14 DATED: January 23, 2002

15                           WILLIAM B. SHUBB

16                           UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                              11

United States District Court
for the
Eastern District of California
January 23, 2002

* * CERTIFICATE OF SERVICE * *

2:01-cv-01589

Peacock

   v.

Terhune

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  January 23, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

     Anthony Boskovich                     SH/WBS
     Law Offices of Anthony Boskovich
     28 North First Street
     Sixth Floor
     San Jose, CA  95113-1210

     Allen Robert Crown
     Stephen Peter Acquisto
     Attorney General's Office
     PO Box 944255
     1300 I Street
     Suite 125
     Sacramento, CA  94244-2550

     Steven R Enochian
     Moss and Enochian
     PO Box 994608
     2701 Park Marina Drive
     Redding, CA  96001-2805

Jack L. Wagner, Clerk

by: Deputy Clerk